[Cite as *Byers DiPaola Castle, L.L.C. v. Ravenna City Planning Comm.*, 2013-Ohio-3977.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| BYERS DIPAOLA CASTLE, LLC, | : | **O P I N I O N** |
| Appellant, | : | |
| - vs - | : | **CASE NO. 2012-P-0151** |
| RAVENNA CITY PLANNING COMMISSION, et al., | : | |
| | : | |
| Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas.
Case No. 2012 CV 0359.

Judgment: Affirmed.

*Joel A. Holt* and *David E. Williams*, Williams, Welser, Kratcoski & Can, L.L.C., 11 South River Street, Suite A, Kent, OH 44240 (For Appellant).

*Frank J. Cimino*, 250 South Chestnut Street, Suite 18, Ravenna, OH 44266 (For Appellee Ravenna City Planning Commission).

*Robert J. Paoloni*, Paoloni & Lewis, 250 South Water Street, P.O. Box 762, Kent, OH 44240 (For Appellee Harvest Rose Limited Partnership).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Byers DiPaola Castle, LLC ("Byers"), appeals the judgment of the Portage County Court of Common Pleas affirming the decision of the Ravenna City Planning and Zoning Commission ("Commission"), which granted Harvest Rose Limited Partnership ("Harvest Rose") a conditional zoning certificate. For the following reasons, we affirm.

{¶2} For a detailed recitation of the factual history, refer to our opinion in *Byers DiPaola Castle, LLC v. Ravenna City Planning Comm.*, 11th Dist. Portage No. 2010-P-0063, 2011-Ohio-6095 ("*Byers I*"). In *Byers I*, Harvest Rose appealed the judgment of the trial court reversing a decision of the Commission, which had granted Harvest Rose a conditional zoning permit.

{¶3} Byers had appealed the decision of the Commission to the trial court, contending, inter alia, that "[t]he Site Plan does not comply with 1262.05 Exhibit B, subsection D(4)(c)(4) in that it permits discharge onto Appellant's property without Appellant's permission." In *Byers I*, we recognized that Byers has continually objected to the proposed plans of Harvest Rose claiming that water drains from the project site onto Byers' property. Below, Byers argued that no discharge of storm water onto an abutting property is permissible without the abutting property owner's permission if the discharge is different from the existing conditions.

{¶4} In *Byers I*, the trial court concluded that the "decision of the Commission granting Harvest Rose a 'Covenant and Agreement' as a conditional use certificate to proceed with the development is illegal, unreasonable, and not supported by the preponderance of the substantial, reliable, and probative evidence on the whole record." Therefore, the trial court reversed the decision of the Commission granting Harvest Rose the authority to build its proposed apartment development.

{¶5} In *Byers I*, this court affirmed in part, reversed in part, and remanded the matter for further proceedings.

{¶6} Due to litigation, the conditional zoning certificate expired, as it becomes void after one year from the date of issuance unless construction is started and reasonably continued toward completion. Consequently, Harvest Rose again applied

2

for a conditional use certificate to build the 40-unit elderly rental apartment complex (the "Project"). The Commission again approved the application.

{¶7} Byers filed an administrative appeal. As the basis for the appeal, Byers argued that, pursuant to the "Codified Ordinances of Ravenna, Ohio 1262.05, Appendix B, Subsection D(4)(c)(4), specifically provides that if the discharge point(s) of runoff from the Site are different from the existing condition onto private party, then written approval of the landowner is required."

{¶8} In affirming the decision of the Commission, the trial court found the following:

> Appellant was particularly concerned that Harvest Rose's use of the stormwater pipe and easement would create more runoff onto its property. If additional runoff would change the existing conditions present on Appellant's property, Appellant would have to approve Harvest Rose's use of the stormwater pipe.
>
> The transcript of the hearing includes some evidence that Harvest Rose's development would actually runoff onto Appellant's property. There was no confirmation that use of the stormwater pipe and easement would result in any change in the existing conditions. If the Commission members concluded that runoff would either be reduced or not change the existing conditions, Ravenna Ord. 1262.05, Appendix B, would not apply to Appellant's concerns of increased runoff. The Commission apparently concluded that the stormwater focused into the pipe and easement would not create more runoff or change the existing conditions on Appellant's property. Thus, Ravenna Ord. 1262.05, Appendix B, did not apply.

{¶9} Byers subsequently appealed to this court and alleges the following assignment of error:

{¶10} "The trial court abused its discretion in affirming the decision of the Planning Commission because, as a matter of law, the trial court's decision is not

3

supported by a preponderance of reliable, probative, and substantial evidence and is also contrary to law."

{¶11} Upon review of an administrative appeal, a court of common pleas considers whether the decision to grant or deny a certificate is supported by "the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. This court's review of the trial court's judgment is more limited than that of the court of common pleas. *Henley v. City of Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147 (2000). We review whether, as a matter of law, the decision of the court of common pleas is supported by a preponderance of reliable, probative, and substantial evidence. *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34 (1984). "'While the court of common pleas has the power to weigh the evidence, an appellate court is limited to reviewing the judgment of the common pleas court strictly on questions of law.'" *Carrolls Corp. v. Willoughby Bd. of Zoning Appeals*, 11th Dist. Lake No. 2005-L-110, 2006-Ohio-3411, ¶10, quoting *Akwen, Ltd. v. Ravenna Zoning Bd. of Appeals*, 11th Dist. Portage No. 2001-P-0029, 2002-Ohio-1475, ¶17.

> {¶12} We note that administrative agencies are generally in the best position to interpret the technical requirements within the specific area of their expertise. Accordingly, a trial court should generally defer to the administrative agency's interpretation of its own rules, as well as the administrative agency's resolution of evidentiary conflicts. However, this is only the case when the administrative agency's decision is supported by reliable, probative, and substantial evidence.

*Eye-Will Dev., Inc. v. Lake County Planning*, 11th Dist. Lake No. 2004-L-196, 2006-Ohio-6103, ¶17.

{¶13} Below and on appeal, Byers objects to Harvest Rose's use of the stormwater pipe and easement, citing to Section 1262.05 of the Code, which states:

4

{¶14} "Point(s) of discharge of runoff from the site. If different from existing conditions onto private property, then written approval of the landowner is required."

{¶15} Byers argues the reasoning employed by the trial court is contrary to the plain language of Section 1262.05. Specifically, the trial court noted that the existing condition of Byers' property would not be altered by tying into the stormwater easement. Byers, however, argues that the term "existing conditions" does not contemplate the "existing conditions" of the adjacent landowner's property, but refers to the "existing conditions" of the discharge point.

{¶16} Here, the site plan contemplates tying into the stormwater easement, which empties directly into Collin's Pond, located on Byers' property. Byers argues that because stormwater from the Harvest Rose project does not currently drain into this easement, the site plan changes the point of discharge of runoff and, thus, written consent must be obtained.

{¶17} The trial court recognized that the Commission read Section 1262.05 to be applicable only if there was increased runoff due to tying into the stormwater easement; if the existing conditions remained status quo or if there was a reduction in runoff, consent of the adjacent landowner is not required. Given the language in Section 1262.05, it was not unreasonable for the Commission to reach this conclusion. Moreover, in deferring to the Commission's interpretation of its own rules, the trial court then looked to the record, which was void of any evidence demonstrating a change of the existing conditions on Byers' property. We find the trial court's judgment is supported by a preponderance of reliable, probative, and substantial evidence.

{¶18} As an aside, we note that although Byers argues that consent under these circumstances is warranted, the site plan proposes tying into a stormwater easement.

5

This easement was executed in 1912 by then-living members of the Byers family to the Board of County Commissioners of Portage County to maintain forever the "pipe line on, across and in our land * * * terminating on the edge of Collin's Pond." The easement granted Portage County the authority

> [t]o make the necessary and proper connection of all drainage pipes now crossing or intersecting the herein proposed pipe line and all connections to be made in a manner satisfactory to the grantee herein. Said grantee further agreeing to make any and all drainage connections which may be changed or disturbed by reason of the repair or change at any time of the herein proposed pipe line.

Whether Portage County has the authority to allow Harvest Rose to tie into the easement, which terminates at the edge of Collin's Pond, is not at issue in this appeal. While the point of discharge might carry storm water it did not previously carry, it is clear the "point" of discharge as contemplated by the ordinance will not change. The Commission accordingly had authority to interpret its own ordinance in this manner. The ruling of the court of common pleas affirming the Commission's decision is supported by a preponderance of reliable, probative, and substantial evidence.

{¶19} Based on the opinion of this court, Byers' assignment of error is without merit. The judgment of the Portage County Court of Common Pleas is hereby affirmed.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.